## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| BORIS MOGILEVSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLBRIDGE CLUB MANAGEMENT, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

### Introduction

This action is brought by plaintiff Boris Mogilevsky against his former employer,
Wellbridge Club Management, Inc. ("Wellbridge").  Plaintiff alleges that Wellbridge retaliated
against him after he brought a class-action wage complaint on behalf of himself and other
similarly-situated employees, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §
215(a)(3), and in violation of Massachusetts law, M.G.L. c. 149, § 148A .

### Parties

1.      Plaintiff Boris Mogilevsky is an adult resident of Revere, Massachusetts.

2.      Defendant Wellbridge Club Management, Inc. is a corporation with a principal
place of business in Danvers, Colorado.  Wellbridge owns and operates a fitness club in
Cambridge, Massachusetts.

### Jurisdiction and Venue

3.      The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.
The court has supplemental jurisdiction over pendent claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (c), because Wellbridge does business in Massachusetts and is subject to personal jurisdiction in this district.

**Facts**

5.      Plaintiff was employed as a personal trainer by Wellbridge, at its fitness center in Cambridge, Massachusetts, from approximately July 2002 until his termination on June 28, 2010.  Until, as discussed below, Wellbridge began to retaliate against Plaintiff, he was consistently either the most productive trainer (in terms of revenue generated and number of personal training sessions conducted), or one of the most productive trainers, at Wellbridge's Cambridge facility and nationwide.

6.      On May 17, 2007, Plaintiff filed a complaint against Wellbridge in the United States District Court for the District of Massachusetts.  In his complaint, Plaintiff brought claims for Wellbridge's failure to pay overtime wages under the FLSA and under M.G.L. c. 151, §§ 1A and 1B.  Plaintiff brought the complaint on behalf of himself and all other employees of Wellbridge who had not been paid overtime.

7.      On July 18, 2008, the district court entered an order awarding judgment in favor of Plaintiff.

8.      In May 2009, Wellbridge made Plaintiff an offer of judgment, and Plaintiff timely accepted that offer.  Wellbridge also made offers of judgment to other plaintiffs, which also were accepted.  In addition, Wellbridge paid attorneys' fees to Plaintiff's counsel.

9.      On or about June 16, 2009, the case was terminated following Plaintiff's filing of a notice of satisfaction of judgment.

10.     Following the filing of his complaint, Wellbridge began to engage in a pattern of retaliatory actions against Plaintiff, which intensified significantly after the complaint was

resolved and which ultimately culminated in his termination.  On information and belief, these actions were designed to make Plaintiff's working conditions more difficult in an effort to punish him for his complaint and to drive him from the company.

11.    For example, after the complaint was resolved, the business directed by Wellbridge to Plaintiff steadily declined, resulting in substantial reductions in his income. Compared to his numbers in 2008, the number of training sessions he provided declined by approximately 30% in 2009, and by approximately 40% in 2010 (as compared the same time period in 2008).  Likewise, Plaintiff's compensation declined from over $94,000 in 2008 to less than $71,000 in 2009, with a continued decline in 2010.

12.    At the same time it was taking steps to reduce his income, Wellbridge also began unfairly to critique his performance, both through inaccurately critical performance evaluations and through threatened or actual disciplinary actions, and to make his working conditions more difficult.

13.    Plaintiff was terminated based on allegations that he improperly treated customers.  Those allegations were a pretext for Wellbridge's actual motivation, which was to retaliate against him based on his earlier complaints of wage violations.

14.    In addition, on information and belief, Wellbridge has continued to retaliate against Plaintiff following his termination by providing negative information to prospective employers, thereby interfering with his ability to obtain other employment.  Following his termination, Plaintiff has been unable to obtain employment despite his diligent efforts to do so.

15.    Wellbridge's retaliatory actions against Plaintiff were knowing and willful violations of state and federal laws, and were undertaken in reckless disregard for Plaintiff's rights.

16.     Plaintiff has received a right to sue letter from the Massachusetts Attorney

General's Office.

17.     Plaintiff's consent to sue, pursuant to 29 U.S.C. § 216(b), is attached as Exhibit A.

## COUNT I
## RETALIATION - FLSA

18.     As set forth above, Wellbridge retaliated against Plaintiff for filing a complaint

under the FLSA, in violation of 29 U.S.C. § 215(a)(3).

## COUNT II
## RETALIATION – M.G.L. c. 149, § 148A

19.     As set forth above, Wellbridge retaliated against Plaintiff for filing a complaint

under M.G.L. c. 151, §§ 1A and 1B, in violation of M.G.L. c. 149, § 148A.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks this honorable Court to enter the following relief:

a.  An order reinstating Plaintiff to full-time employment at Wellbridge as a
    personal trainer;

b.  An order enjoining Wellbridge from further acts of retaliation;

c.  An award of damages for all past and future lost wage and benefits;

d.  An award of damages for emotional distress;

e.  An award of punitive damages;

f.  Statutory trebling of damages pursuant to Massachusetts law;

g.  Statutory doubling of damages pursuant to the FLSA;

h.  Attorneys' fees and costs;

i.  Pre-judgment and post-judgment interest; and

j.  Such other legal and equitable relief as the Court deems just and proper.

4

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

BORIS MOGILEVSKY
By his attorneys,

Shannon Liss-Riordan (BBO# 640716)
Hillary Schwab (BBO# 666029)
Stephen Churchill (BBO#564158)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994-5800
schurchill@llrlaw.com

Dated: 6/3/2011

5